United States District Court
Southern District of Texas
**ENTERED**
September 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent, § | |
| § | |
| v. § | CRIMINAL NO. 6:18-95-1 |
| § | CIVIL NO. 6:21-29 |
| ELIZABETH LARA, § | |
| Defendant/Movant. § | |

# MEMORANUM OPINION & ORDER

Defendant/Movant Elizabeth Lara filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 66. Now pending is the United States of America's (the "Government") motion to dismiss the § 2255 motion as untimely (D.E. 76), to which Movant has responded (D.E. 79).

## I. BACKGROUND

On October 1, 2018, Movant pled guilty to conspiracy to possess with intent to distribute 10.5 kilograms of methamphetamine (Count 1) and conspiracy to possess with intent to distribute 1.25 kilograms of heroin (Count 2). Her plea was pursuant to a written plea agreement in which she waived her right to appeal or otherwise collaterally attack her conviction or sentence, except to raise a claim of ineffective assistance of counsel.

At sentencing, Movant was held accountable for 206,240.00 kilograms of converted drug weight. She received a 2-level enhancement because a dangerous weapon was possessed and a 2-level enhancement because the methamphetamine was imported from Mexico. After credit for acceptance of responsibility, her total offense level was 39. A criminal history category of II resulted in an advisory Guidelines imprisonment range of 292–365 months. The Court determined that Movant qualified for safety valve, granted a downward variance, and sentenced

her to 140 months' imprisonment on each count, to be served concurrently, and to be followed by 3 years' supervised release on each count, also to be served concurrently.

Judgment was entered on November 15, 2019. Movant did not appeal. She filed her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on May 19, 2021. The Government moves to dismiss the motion as untimely.

## II. MOVANT'S CLAIMS

Movant's § 2255 motion alleges that trial counsel was constitutionally ineffective because counsel: (1) failed to properly inform Movant of the consequences of pleading guilty; (2) failed to object to the use of relevant conduct at sentencing; and (3) failed to file a notice of appeal or adequately consult with Movant about her right to appeal.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[1] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. *See* FED. R. APP. P. 4(b). The Judgment was entered November 15, 2019. Movant's conviction therefore became final on November 29, 2019. She did not file her § 2255 motion until May 19, 2021—nearly six months after the statute of limitations expired on November 29, 2020.

Movant argues that she is nonetheless entitled to equitable tolling due to the COVID-19 pandemic. She states that, three months after learning that she should raise her ineffective assistance of counsel claims by filing a § 2255 motion, the prison went on COVID-19 lockdown. During this time, inmates were only allowed outside their cells for an hour a day to utilize email and telephones, and the law library was inaccessible. Movant explains that she was also "disoriented for a period of time" because both her parents tested positive for COVID-19, and her brother passed away unexpectedly in August of 2020. Eventually, Movant was able to

---

1. The statute provides that the limitations period shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"piec[e] everything together a little bit at a time" and "was finally able to get someone to type for [her] the information [she] had gathered." D.E. 79, p. 2.

Equitable tolling may allow for a late-filed § 2255 motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy her burden, Movant must show that: (1) she has diligently pursued her rights, and (2) some extraordinary circumstance stood in her way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365. The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (emphasis in original).

The Fifth Circuit has held that lack of access to an adequate prison law library may toll the one-year limitations period to file a federal habeas petition in some circumstances. *Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003). However, in order to toll the limitations period, the lack of library access must have "actually *prevented* [the petitioner] from timely filing [her] habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original). *See also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) ("[I]gnorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling.").

"[S]ome courts have held that the [COVID-19] pandemic, while making it more difficult to complete and file a petition, did not *prevent* its filing, and was, therefore, not an impediment

4

within the meaning of the statute." *Evans v. Fitch*, 2021 WL 151758, at *3 (S.D. Miss. Jan. 17, 2021) (emphasis in original) (citing *United States v. Pizarro*, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021); *United States v. Barnes*, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020); *Cook v. Nelsen*, 2020 WL 6136619 (D. S.C. Sept. 30, 2020)). *See also United States v. Caldwell*, 2020 WL 2849997, at *2 (S.D. Tex. June 1, 2020) ("Even if prison law libraries are closed due to the current COVID-19 pandemic, prison mail systems are not. The Bureau of Prisons' COVID-19 Modified Operations Plan has not prevented inmates from filing motions and responses in other cases . . . .").

Moreover, "[d]uring the COVID-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns." *United States v. Thomas*, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) (citing *Barnes*, 2020 WL 4550389, at *2 ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."); *United States v. Mayfield*, 2020 WL 1663582, at *1 (D. Neb. Apr. 3, 2020) (when, "as a result of the COVID-19 pandemic, [a prisoner's] access to the law library has been limited, preventing him from completing his motion," equitable tolling is only appropriate if the motion "was diligently pursued")). *See also Piper v. United States*, 2021 WL 1250328, at *2 (N.D. Tex. Apr. 5, 2021) (prisoner was not entitled to equitable tolling where he "d[id] not offer any explanation of what happened during the nine months prior to" the COVID-19 lockdowns, "when he should have been preparing his motion"). "On the other hand, courts have found that prisoners were entitled to equitable tolling when presented with evidence showing that the prisoners' diligent pursuit of their right to file a §

2255 motion had been interrupted by the COVID-19 pandemic." *Thomas*, 2020 WL 7229705, at *2 (citing *Fitzgerald v. Shinn*, 2020 WL 3414700, at *2 (D. Ariz. June 22, 2020)).

Here, Movant has failed to provide any explanation as to why she could not have filed her § 2255 motion during the first four months of her sentence, before the Bureau of Prisons enacted COVID-19 restrictions in March of 2020. *See Piper*, 2021 WL 1250328, at *2; *Barnes*, 2020 WL 4550389 at *2. There is also no requirement that motions under § 2255 be typed. Finally, contrary to her assertions, the Court was never closed due to the pandemic. In sum, Movant has presented no facts suggesting that she has diligently pursued her rights or that some extraordinary circumstance prevented her from timely filing her § 2255 motion. The Court therefore finds the motion is untimely.

**IV. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to her claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 76) is **GRANTED**, Movant's motion under 28 U.S.C. § 2255 (D.E. 66) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 7th day of September, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE